UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ARLENE R. ATHERTON, | Case No. CV 19-8997-CJC (KK) |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| SOFITEL HOTELS AND RESORTS, ET AL., | |
| Defendants. | |

**I.**

**INTRODUCTION**

Plaintiff Arlene R. Atherton ("Atherton" or "Plaintiff"), proceeding pro se and in forma pauperis, filed a "civil rights" Complaint pursuant to the Americans With Disabilities Act ("ADA") and 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

**II.**

**ALLEGATIONS IN THE COMPLAINT**

On October 18, 2019, Atherton filed the Complaint alleging discrimination in violation of the ADA and various violations of her First, Eighth, Ninth, and Fourteenth Amendment rights. ECF Docket No. ("Dkt.") 1. Although not entirely clear, the Complaint appears to sue Sofitel Hotels & Resorts ("Sofitel") Restaurant

Manager Acdan Demarert, Sofitel Head of Security Corey Johnson, Sofitel General Manager Eric LeMarie (collectively defendants Demarert, Johnson, and LeMarie are herein referred to as the "Sofitel defendants"), Le Pain Quotient General Manager Josh Brolan, Au Bon Pain server Matthew Burguren, City of Beverly Hills clerk Frank Gonzales, City of Beverly Hills IT Director, and Kaiser Permanente Securitas – Head of Security (collectively, "Defendants"). Id. at 19. Atherton alleges the private and government defendants "cannot be separated as all the actors are intertwined with [the] primary adversary," Raymond K. Tromba "of IBM," who does not appear to be a named defendant. Id. at 2, 12.

Atherton appears to allege she has at least one ongoing case in the United States Supreme Court involving discrimination against persons with traumatic brain injury disabilities, but the "actions by [D]efendants contribute to impediment, thwart, delay, [and] deter Atherton [from her] legal duties. Using up her money, time, energy, or causing her to relocate to another area to gain the service/product she desires." Id. at 2. Atherton warns: "Adversary [Mr. Tromba] has IT capability that can enter any computer. Capacity to determine assignment of case for a favorable outcome. Adversary can make this appear on a screen without entering Court database of crossing firewalls." Id.

According to the Complaint, on October 5, 2019 the Sofitel defendants discriminated against Atherton "based on appearance, gender, age, national origin, [and] spiritual belief" by refusing her as a patron for breakfast, thereby creating a "barrier in performance of [her] legal responsibilities" in her federal court cases. Id. at 6. Atherton alleges the Sofitel defendants' refusal to allow her to bring her luggage into the restaurant was designed to "keep Atherton from basic necessities." Id.

On October 7, 2019, Atherton alleges she went to Beverly Hills City Hall to report the incident at Sofitel to the police, but was told City Hall "handle[s] only policy issues." Id. Atherton goes on to explain the Beverly Hills government website

is a "CLONE site. It appears the same but substituted for the original – this is cybercrime." Id. at 6-7.

On October 8, 2019, Atherton alleges she "wanted to find out how to file a 'protective order' or 'retraining order' to keep Raymond Tromba from continuing his personal assault of [Atherton's] way of life, [her] career, and [her] federal cases." Id. at 7. Atherton alleges defendant City of Beverly Hills clerk Gonzales "participated in a disinformation campaign" when he directed her to the Beverly Hills Superior Courthouse, which only handles traffic cases. Id. Atherton alleges "[t]his use of server network is NOT in the Local Police protocol for cybercrime. It is only found through corporate security, high level defense US security, or FBI." Id. For the next two days, Atherton attempted to find out how to file the right documents, but was "met with . . . a disinformation campaign." Id. at 8. Atherton alleges "Tromba convinces low level employees, immigrants, elderly, vulnerable people to say or direct [her] to the wrong location. He blames it all on bureaucracy or removed from the 'actor' and believes he will never be caught. He uses intermediates which is a law enforcement technique. He has used Beverly Hills Police force to threaten and harass [her] to stop work on Federal cases. . . . White Kia continued to follow me through Los Angeles." Id.

On October 12, 2019, Atherton alleges she was refused service at Le Pain Quotient due to her race. Id.

On October 15, 2019, Atherton alleges the Securitas guards at Kaiser Permanente refused to let Atherton use the restroom while she was at the medical library with deliberate indifference to her personal safety in violation of the Fourteenth Amendment. Id. at 9. Atherton alleges the "Securitas firm for Kaiser Permanente is the SAME firm used by Raymond Tromba of IBM." Id.

Atherton seeks the sum of $50,000 plus interest from October 2019 to the present. Id. at 4. In addition, while not entirely clear, it appears Atherton is seeking a

restraining order against Mr. Tromba to stop him from interfering with her federal lawsuits. Id. at 14.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**IV.**

**DISCUSSION**

**A.  THE COMPLAINT FAILS TO COMPLY WITH RULE 8**

**1.  Applicable Law**

"[T]he 'short and plain statement' [required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). "Experience teaches that, unless cases are pled clearly and

precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir. 2000).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"); see also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same). Likewise, a court may dismiss a claim as factually frivolous when the facts alleged are implausible. Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

**2. Analysis**

Here, the Complaint is replete with repetitive and irrelevant facts and arguments, much of which are incomprehensible. As an initial matter, each page of the Complaint contains the header, "WHO RUNS AMERICA? Is it The President, Elected Congressional Members, & the Judiciary? Or is IT White Collar Crime, Security Guards, and Police/US Security acting under 'color of law'?" Dkt. 1. Much of the Complaint consists of irrelevant facts and argument. For example, the Complaint has random references and discussions regarding Nisour Square – Iraq, Abu Grab Prison, id. at 9; Atherton's personal history, id. at 10-11; and Presidents Reagan, Clinton, and Carter, id. at 12. Further, much of the Complaint is simply incomprehensible. For example, Atherton warns: "Adversary [Mr. Tromba] has IT

6

capability that can enter any computer. Capacity to determine assignment of case for a favorable outcome. Adversary can make this appear on a screen without entering Court database of crossing firewalls." Id. at 2. Atherton then spends a page explaining how the Beverly Hills government website is a "CLONE site. It appears the same but substituted for the original – this is cybercrime." Id. at 6-7.

The Complaint also includes numerous conclusory allegations using legal jargon and references to case law absent any factual support. For example, Atherton states "America has already lived discrimination in public establishments serving good, beverages, or offering services. Refusal based on appearance, gender, age, national origin, spiritual belief is NOT ALLOWED." Id. at 6. She then sets forth the following list of cases that are purportedly applicable:

Right to Exist.

*Garner v Louisiana (1961)* – *"danger to the community"* – Trespassing arrests – Reversed

*Lombard v Louisiana (1963)* – *"lunch counter"* – Trespassing arrests – Reversed

*Peterson v Greenville (1962)* – *"lunch counter"* – Trespassing arrests – Reversed

*Bernie V City of Columbia (1964) "lunch counter"* – Trespassing arrests - Reversed

Id. Atherton does not, however, set forth any factual allegations plausibly showing she was denied service (or arrested) for any of the referenced impermissible reasons.

Finally, pages 10 to 15 of the Complaint appear devoted to a separate issue with Mr. Tromba. Atherton sets out her career achievements and then spends two pages describing how Mr. Tromba "single handedly sought to destroy Atherton's career overseas." Id. at 12. She alleges "[h]e enrolled his network of technology associates to conduct a disruptive campaign to her life." Id. In addition, the Court finds the allegations that Mr. Tromba, who Atherton alleges lives in Florida,

7

"convinces low level employees, immigrants, elderly, vulnerable people [in Beverly Hills, California] to say or direct [her] to the wrong location" through his IT network manipulation, id. at 8, are factually implausible and "rise to the level of the . . . wholly incredible". See Denton, 504 U.S. at 32-33.

As a result of the Complaint's lack of clarity and specificity, the Court cannot decipher the nature of Atherton's claims. Hence, the Complaint does not give Defendants adequate notice of the legal claims being asserted against them, or the factual basis for such claims. See McHenry, 84 F.3d at 1176. Ultimately, unclear pleadings, like the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," are subject to dismissal. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013); see also Clayburn v. Schirmer, No. CIV S-06-2182 ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

As such, the Complaint is subject to dismissal for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177.

**B. THE COMPLAINT FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS DEMARERT, JOHNSON, LEMARIE, BROLAN, BURGUREN, OR KAISER PERMANENTE SECURITAS' HEAD OF SECURITY**

**1. Applicable Law**

In order to state a claim for a civil rights violation under Section 1983, a plaintiff must allege that a particular defendant, acting *under color of state law*, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Courts "start with the presumption that private conduct does not

8

constitute governmental action." Sutton v. Providence St. Joseph Medical Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law[.]"). Thus, private parties cannot generally be held liable under Section 1983. See Monroe v. Pape, 365 U.S. 167, 172, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961), overruled in part by Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A private party must be a willful participant in joint action with the State or its agents in order to be sued under Section 1983. See Dennis v. Sparks, 449 U.S. 24, 27-28, 32, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)).

**2. Analysis**

Here, the Complaint fails to state a Section 1983 claim against defendants Demarert, Johnson, LeMarie, Brolan, Burguren, or Kaiser Permanente Securitas – Head of Security, who are all private persons employed by private companies. Atherton's allegation that the private and government defendants' actions are "intertwined with" another private actor, Raymond K. Tromba "of IBM," dkt. 1 at 2, 12, fails to plausibly allege any joint action with the state or its agents. See Dennis, 449 U.S. at 27-28. Accordingly, Atherton's claims against defendants Demarert, Johnson, LeMarie, Brolan, Burguren, or Kaiser Permanente Securitas – Head of Security are subject to dismissal.

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.

Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in her pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in her First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all her claims raised here, any claim raised in a preceding**

**complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: November 25, 2019

HONORABLE KENLY KIYA KATO
United States Magistrate Judge